# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WEAVER, | CASE NO. 06-1205 AWI SMS P |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT (Doc. 1.) |
| CALIFORNIA CORRECTIONAL INSTITUTION FIRST WATCH A-4, A-4, et. al. | ORDER DIRECTING CLERK OF COURT |
| Defendants. | |

Plaintiff Willie Weaver ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 1, 2006, but has not paid the $350.00 filing fee.[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[2] 28 U.S.C. § 1915A(a). The

---

[1] Absent a showing of imminent danger of serious physical injury, plaintiff is ineligible to proceed in forma pauperis in this action because he has had at least three previous actions dismissed for failure to state a claim, frivolousness, or maliciousness. 28 U.S.C. § 1915(g). The Court takes judicial notice of case numbers 1:06-CV-00671-OWW-SMS-P Weaver v. California Correctional Institution Confinement SHU (dismissed July 17, 2006, for failure to state a claim and frivolousness); 1:06-CV-00775-OWW-LJO-P Weaver v. California Correctional Institution - Third Watch Sergeant (dismissed July 17, 2006, for failure to state a claim and frivolousness); and 1:06-CV-00863-OWW-SMS-P Weaver v. California Correctional Institution Law Library (dismissed August 1, 2006, for failure to state a claim and frivolousness).

[2] Given plaintiff's pattern of conduct, as set forth in this order, the Court is of the opinion that it is more expeditious to screen and dismiss this action rather than expend its overtaxed resources attempting to obtain the filing fee from plaintiff prior to screening. Such a course of action would likely ultimately result in dismissal for failure to pay the filing fee after the issuance of multiple orders, rather than the actual obtainment of the filing fee from plaintiff.

1

1  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
2  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
3  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

   A review of the Complaint shows that Plaintiff has failed to complete the form Complaint providing a statement of facts.

   A claim is legally frivolous when it lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984), and the Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless, Neitzke, 490 U.S. at 327.  The test for maliciousness is a subjective one and requires the Court to "determine the ... good faith of the applicant."  Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 46 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir. 1986).  A lack of good faith most commonly is found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits.  A complaint is malicious if it suggests an intent to vex defendants or abuse the judicial process by re-litigating claims decided in prior cases.  Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C. Cir. 1981); Phillips v. Carey, 638 F.2d 207, 209 (10th Cir. 1981); Ballentine v. Crawford, 563 F.Supp. 627, 628-29 (N.D. Ind. 1983); cf. Glick v. Gutbrod, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse of the judicial process").

   As of September 25, 2006, plaintiff has filed one-hundred twenty-four actions in this district, forty-four of which were filed in September of 2006 alone.  On September 1, 2006, plaintiff filed fourteen civil rights complaints, including this one.  Not one of the complaints was accompanied by the filing fee, and twelve of the fourteen cases are virtually identical, with minor exceptions such as switching back and forth between suing the First and Second Watches.[3]  Further, in some complaints

---

[3] The Court takes judicial notice of case numbers 1:06-CV-01197-AWI-DLB-P Weaver v. California Correctional Institution First Watch 4-4A-4; 1:06-CV-01198-AWI-SMS-P Weaver v. California Correctional Institution First Watch 4-4A-4; 1:06-CV-01199-OWW-WMW-P Weaver v. California Correctional Institution First Watch 4-4A-4; 1:06-CV-01200-AWI-WMW-P Weaver v. California Correctional Institution First Watch 4-4A-4; 1:06-CV-01201-AWI-DLB-P Weaver v. California Correctional Institution First Watch 4-4A-4; 1:06-CV-01202-OWW-WMW-P Weaver v. California Correctional Institution First Watch 4-4A-4; 1:06-CV-01203-OWW-LJO-P Weaver v. California Correctional Institution First Watch 4-4A-4; 1:06-CV-01204-OWW-SMS-P Weaver v. California Correctional Institution Building 4-4A-4; 1:06-CV-01205-AWI-SMS-P Weaver v. California Correctional Institution Building 4-4A-4; 1:06-CV-01206-AWI-SMS-P Weaver v. California Correctional Institution Third

1  Plaintiff omits his allegations that he is on a mind reading device and/or that he is being spoken to
2  through the vents.  However, all twelve involve Plaintiff's claim that he is being harassed, watched,
3  etc. by Defendants.  Although the Court is mindful that mental illness may play a part in Plaintiff's
4  allegations, Plaintiff is capable of correctly filling out complaint forms and responding to court
5  orders.[4]  Plaintiff is creating a tremendous burden on this Court's scare resources by filing multiple,
6  duplicative actions, and is depriving other litigants of the Court's much needed time and attention
7  in their pending cases.  A review of the Ninth Circuit's dockets reveals that Plaintiff has been
8  actively filing appeals as well, with thirty-three appeals filed, twenty-six of which were filed in 2006.
9      "[T]he doors of this courthouse are open to good faith litigation, but abuse of the judicial
10  process . . . . will not be tolerated."  Snyder v. Internal Revenue Service, 596 F.Supp. 240, 252 (N.D.
11  In. 1984).  Plaintiff's allegation that defendants have him on a mind reading device is frivolous.
12  Further, a review of the cases filed by plaintiff and the filings dates amply demonstrates a pattern of
13  vexatiousness.  The Court finds that the filing of this action was in bad faith and malicious given that
14  plaintiff filed multiple complaints on the same day concerning the same or similar allegations, and
15  this action is duplicative of 06-1207.
16      The Court finds that Plaintiff's complaint does not contain any claims upon which relief can
17  be granted under § 1983 against any of the Defendants.  The Court will provide Plaintiff with time
18  to file an Amended Complaint curing the deficiencies identified above should he wish to do so.
19      Plaintiff must demonstrate in the Amended Complaint how the conditions complained of
20  resulted in a deprivation of his constitutional rights.  See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir.
21  1980).  The Amended Complaint must specifically state how each Defendant is involved.  Further,
22  there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection
23  between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423, U.S. 362 (1976);

---

Watch 4-4A-4; 1:06-CV-01207-OWW-WMW-P Weaver v. California Correctional Institution Second Watch 4-4A-4; 1:06-CV-01208-OWW-LJO-P Weaver v. California Correctional Institution Second Watch 4-4A-4; 1:06-CV-01209-AWI-WMW-P Weaver v. California Correctional Institution Second Watch 4-4A-4; and 1:06-CV-01210-OWW-LJO-P Weaver v. California Correctional Institution Second Watch 4-4A-4.

[4] The Court takes judicial notice of the dockets in case numbers 1:06-CV-00278-OWW-LJO-P Weaver v. Tehachapi Mail Room and 1:06-CV-00468-OWW-SMS-P Weaver v. California Correctional Institution Confinement SHU, demonstrating plaintiff's ability to respond to court orders and his ability to keep track of his multitude of cases.

1  May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.
2  1978).
3        Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint be
4  complete in itself without reference to any prior pleading.  As a general rule, an Amended Complaint
5  supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an
6  Amended Complaint is filed, the original Complaint no longer serves any function in the case.
7  Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement
8  of each defendant must be sufficiently alleged.  The Amended Complaint should be clearly and
9  boldly titled "AMENDED COMPLAINT," reference the appropriate case number, and be an original
10 signed under penalty of perjury.

11       The Court HEREBY ORDERS:

12 1.  The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint
13     form;
14 2.  The Complaint is DISMISSED with leave to amend.  WITHIN THIRTY (30) days
15     from the date of service of this order, Plaintiff SHALL:
16     a.  File an Amended Complaint curing the deficiencies identified by the Court
17         in this Order, or
18     b.  Notify the Court in writing that he does not wish to file an Amended
19         Complaint and pursue the action but instead wishes to voluntary dismiss the
20         case.  See, Fed.R.Civ.P. 41(a)(1).

21 Plaintiff is forewarned that his failure to comply with this Order may result in a
22 Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.
23 IT IS SO ORDERED.

24 **Dated:   October 17, 2006**            **/s/ Sandra M. Snyder**
   icido3                                  UNITED STATES MAGISTRATE JUDGE